**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY WOODS,

Petitioner,

vs.

L.A. SHERIFF,

Respondent.

CASE NO. CV 14-9612 CJC (RZ)

ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE

The Court will dismiss the action summarily because the face of the petition, combined with judicially-noticed information, indicates that none of Petitioner's claims has been exhausted in the state courts, as is required for habeas relief. *See generally* 28 U.S.C. § 2254(b)**.**

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the

petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent moves for such dismissal).

Here, Petitioner appears to target a January 7, 2013 state trial court ruling that found him in violation of probation – he pleaded no contest – resulting in a 19 year prison sentence. Pet. at 1 (labeled as 2). He asserts a jumbled claim or claims of "Conflicting Testimony By Officers, Tampering With Evidence. This is A Probation Hearing That Wasn't Fair." Pet. at 5 (labeled as 6). But Petitioner has not presented those claims to the California Supreme Court and obtained that court's ruling. He indicates that he challenged the 2013 outcome in the trial court and the California Court of Appeal, but he next checks "No" in the portion of the form petition asking whether he has filed any other state-court challenges. Pet. at 2-3 (labeled as 3-4). Moreover, the Court takes judicial notice, based on a December 17, 2014 search of appellatecases.courtinfo.ca.gov, that no person named Anthony Woods has filed any matter there since 2009. (That case involved an attorney resigning from the state bar with disciplinary charges pending.) Petitioner thus cannot have exhausted any claim challenging the 2013 outcome. A *Raspberry* dismissal is in order.

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: December 23, 2014

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE